UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SALLY R. HANSEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case Nos. 2:16-cv-00176-BLW<br>　　　　　　2:15-cr-00002-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Pending before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) and (Crim. Dkt. 37). The motion is fully briefed. Having reviewed the filings in this matter, the Court will deny Petitioner's Motion without a hearing.

**BACKGROUND**

On January 6, 2015, a Criminal Information was filed in this Court, charging Petitioner with fifteen counts of wire fraud, in violation of 18 U.S.C. § 1343, stemming from a scheme to embezzle from the City of Athol. *Information*, Crim. Dkt. 1. A signed plea agreement was filed with the Court on January 9, 2015. *Plea Agreement*, Crim. Dkt. 4. Section I, Paragraph A of the plea agreement stated the Petitioner agreed to plead guilty to Count One of the Information, but later sections of the agreement referenced additional charges. *Id*. On January 21, Petitioner signed an amended plea agreement, agreeing to plead guilty to all fifteen counts in the Information. *Am. Plea Agreement*,

Crim. Dkt. 8. The Government contends that the first plea agreement contained numerous typos, and that the second plea agreement corrected those typos and accurately reflected the pre-charging agreement of the parties that Petitioner would plead to the Information, and not to specific counts. *Gov.'s Br.* at 6, Civ. Dkt. 7; *see also Gov.'s Br.* Ex. 1, Civ. Dkt. 7-1. Petitioner disputes that the first plea agreement was the result of a typo, and alleges that the second plea agreement offered because the government learned that her counsel lacked experience in federal criminal cases. *Petition* at 5, Civ. Dkt. 1-1, Crim Dkt 37-1.

The petitioner was sentenced on June 9, 2015. *Judgment* at 2, Crim. Dkt. 32. Petitioner was committed to the custody of the United States Bureau of Prisons for a term of 48 months, and ordered to pay restitution in the amount of $434,112 to the City of Athol. *Id.* at 5. At sentencing, four employees of the City of Athol gave victim statements as to the effect of petitioner's actions. The petitioner did not appeal her sentence or conviction. The instant motion was timely filed on April 25, 2016, and is the petitioner's first motion under § 2255. *See Petition*, Civ. Dkt. 1 and Crim. Dkt. 37.

Petitioner argues that she was denied the effective assistance of counsel, and offers four grounds in support of her motion. First, she argues that her counsel was ineffective when he advised her to sign the amended plea agreement, and agree to plead guilty to all counts charged in the Information. *Id.* at 4. Second, she argues that her counsel was ineffective for failing to object to an enhancement under § 2B1.1 of the United States Sentencing Guidelines for the use of "sophisticated means" in conducting the embezzlement scheme. Third, she argues that her counsel was ineffective for failing to

object to the inclusion of 18,989.00 in forensic accounting fees in her order for restitution. Finally, Petitioner argues that her counsel was ineffective for failing to argue for a downward departure under § 5K2.0 of the Sentencing Guidelines, and for failing to object to the victim statements offered by employees of the city of Athol.

**LEGAL STANDARD**

**1.    28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of her or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. See *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing,

"[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062.

## 2. Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. See *Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. See *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman v. Morrision*, 477 U.S. 365, 381-82; 386 (noting that the court should "assess counsel's overall performance throughout the case" when evaluating whether his assistance was reasonable).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). Whether or not counsel's performance was deficient is irrelevant if there was no prejudice as both of *Strickland's* prongs must be met to be entitled to relief. In evaluating an ineffective assistance of counsel claim, a court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697.

As recently reiterated by the Supreme Court, a defendant's right to effective assistance of counsel has long been held to apply to the plea process. See *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012); *Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The same *Strickland* standard applies to claims of ineffective assistance of counsel at the plea stage. *Hill*, 474 U.S. at 58.

## ANALYSIS

1. **Amended Plea Agreement**

Petitioner argues that her counsel, Douglas Pierce, was ineffective in advising her to sign a plea agreement in which she agreed to plead guilty to all fifteen counts charged in the criminal information. Petitioner alleges that the first plea agreement represented the agreement of the parties as to what charges she would plead guilty to. She alleges that the only reason the government offered the second plea agreement was to take advantage of

her lawyer's relative inexperience. She disputes that her counsel advised her that the first agreement was likely a mistake, and states that she recalls the events leading up to the signing of the plea differently than the Government and Mr. Pierce recounted them, but does not otherwise offer an alternative explanation. The Court finds Petitioner's allegations to be palpably incredible when viewed against the record.

     First, the Court finds that that text of the first plea agreement itself undercuts Petitioner's argument. The language of the plea agreement is internally inconsistent, referring in one place to Petitioner pleading to Count 1, and in a separate paragraph to Counts One through Six. *Compare Plea Agreement*, § I ¶ A with § IV ¶ A, Crim. Dkt. 4. This strongly supports the explanation that the language of the first agreement was a result of a typo or other drafting error. Second, the Court does not find it credible that the Government would file an Information charging fifteen counts if the Petitioner had only agreed to plead to a single count. Third, contemporaneous evidence offered by the government indicates that the second agreement was filed after a court employee notified the parties about the drafting errors in the complaint. *See Gov.'s Br.* Ex. 1, Civ. Dkt. 7-1. This undercuts Plaintiff's argument that the government offered the second plea agreement *sua sponte*, due to her counsel's inexperience. Fourth, Mr. Pierce filed a sworn affidavit stating that he discussed with Petitioner at the time she signed the first plea agreement that it was likely the result of a drafting error, and that it did not accurately reflect the agreement the parties had reached during pre-charging negotiations. *See Pierce Decl.* ¶ 18, Civ. Dkt. 7-2. He also stated that Petitioner understood that the first

agreement contained mistakes, and that the second plea was offered to correct those mistakes. *Id.* ¶ 19.

Petitioner offers no evidence or statement to contradict the government's position, or Mr. Pierce's account of events. She does not dispute that the Information was the product of pre-charging negotiations between the parties, in which her goal was to limit the number and types of charges against her, and to avoid the prosecution of Petitioner on both State and Federal charges. *See Pierce Decl.* at ¶ 19, Civ. Dkt. 7-2; *Gov.'s Br.* at 6, Civ. Dkt. 7; *Pl.'s Reply* at 2, Civ. Dkt. 11 (acknowledging that the government's description of the case background as "largely accurate."). Instead, she offers a vague statement that the government and Mr. Pierce have portrayed the events preceding the signing of the plea agreements differently than she remembers them. *See Pl.'s Reply*, at 4, Civ. Dkt. 11. She also alleges in her brief that Mr. Pierce had no discussion with her about any mistake in the plea agreement. Petitioner offers no factual support, however, for either of these allegations.[1]

In light of all of the evidence, Petitioner's allegation that the second plea agreement was offered as an attempt by the government to take advantage of her attorney's inexperience, rather than to correct an obvious mistake, is simply not credible. Thus, Petitioner has not shown that her attorney's advice to sign the second plea agreement fell below an objective standard of reasonableness.

---

[1] Petitioner's affidavit offered in support of her motion does not address the events leading up to the signing of the second plea agreement, other than to state that she relied on counsel's advice and guidance. *2255 Motion* Ex. 1 ¶ 5, Civ. Dkt. 1-2.

**MEMORANDUM DECISION AND ORDER - 7**

Nor has Petitioner demonstrated how her counsel's advice, even if deficient, caused her any prejudice. Petitioner has not demonstrated any reasonable probability that she could have obtained a better outcome by refusing to sign the second plea agreement. Indeed, it is almost certain that the government would have simply proceeded to indict Petitioner on all fifteen counts, rather than accepting her plea to a single count. Thus, Petitioner has failed to allege facts sufficient to support a claim that her attorney offered ineffective counsel in advising her to sign the second plea agreement, and her claim fails.

2. **Failure to Object to § 2B1.1(b)(10) Enhancement**

Petitioner argues that her attorney's failure to object to an enhancement of her sentence under § 2B1.1(b)(10) of the United States Sentencing Guidelines constitutes ineffective assistance of counsel. Petitioner's claim fails, however, because she has failed to show any reasonable probability of prejudice stemming from the lack of objection. § 2B1.1(b)(10) authorizes a two-level enhancement if the offense involved "sophisticated means," or "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1(b)(10) (2014); *id.* § 2B1.1(b)(10) cmt. n.9. The commentary notes that an "[c]onduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts . . . ordinarily indicates sophisticated means." § 2B1.1(b)(10) cmt. n.9. The enhancement, however, "properly applies to conduct less sophisticated than the list articulated in the application note." *United States v. Jennings*, 711 F.3d 1144, 1147 (9th Cir. 2013).

Petitioner argues that her offense was simply an "age old check embezzlement scheme", which by its nature does not involve "sophisticated means." *Pet.'s Br.* at 7, Civ. Dkt. 1-1. The evidence cited in the PSR, however, shows that not only did Petitioner forge checks payable to herself, her husband, and the former mayor, she took sufficient steps from which a Court could find that her scheme involved "sophisticated means." For example, she denied the existence of a city savings account, concealed bank statements, and ignored audits with intent and effect of delaying the discovery of her scheme; devised a false payee system to conceal checks written to herself and her husband by recording the expenditures as expenses to existing vendors, while omitting other such checks from the accounting system; misstated cash balances in city accounts; and falsified financial reports submitted to the city council. *See PSR* ¶ 14-18, 23, 27-28, Crim. Dkt. 29.

Petitioner does not dispute or rebut this evidence, and offers no more than conclusory statements to support her argument that her offense conduct did not involve "sophisticated means." Further, Court finds that the offense conduct described above is sufficient to support an enhancement for a scheme involving "sophisticated means." Thus, Petitioner has failed to show with a reasonable degree of probability that an objection by counsel to the application of the 2B1.1(b)(10) enhancement would have resulted in a different outcome.

3.  **Failure to Object to Restitution**

Petitioner alleges that her counsel was ineffective because he failed to object to the inclusion of $18,989 in forensic accounting fees incurred by the city in the amount of restitution owed. This claim fails, because Petitioner has failed to show actual prejudice.

**MEMORANDUM DECISION AND ORDER - 9**

Petitioner argues that the inclusion of the forensic accounting fees increased the amount of loss attributed to her above $400,000, which resulted in a fourteen-point enhancement under the sentencing guidelines. *See* U.S.S.G. § 2B1.1(b)(1)(H) (2014). Petitioner admitted, however, that she fraudulently took $417,879 from the City of Athol, and agreed that the amount of loss was $417,879. *See Am. Plea Agreement* at 6, Crim. Dkt. 8. Thus, the loss attributed to her exceeded $400,000 even before the forensic accounting costs. Although Petitioner argues that her attorney failed to verify that the loss attributed to her was correct, she offers no evidence that the amount was incorrect, or that the loss attributed to her would, with reasonable probability, have been less than $400,000. Thus, Petitioner has failed to show that any actual prejudice as relates to the 2B1.1(b)(1)(H) enhancement.

Further, although Petitioner alleges that her attorney did not challenge the inclusion of the forensic accounting fees, the record shows otherwise. Indeed, Mr. Pierce argued at sentencing that "the United States Secret Service and the Federal Bureau of Investigation should have been good enough for the City of Athol, that they shouldn't have needed to go spend $18,000 to double check the Secret Service," and thus the forensic accounting costs should not be held against Petitioner. *Transcript of Sentencing Hearing* at 41, Dkt. 35. Thus, Plaintiff has not shown that her attorney was ineffective for failure to challenge the inclusion of the forensic accounting costs in her restitution.

4. **Failure to Argue for Mitigation**

Petitioner alleges that her counsel was ineffective because he failed to argue for a downward departure under § 5K2.0(b) of the sentencing guidelines, and because he

allowed the government to offer "inflammatory" victim impact statements. Her claim fails, however, because she has again failed to show any prejudice. Petitioner argues that her timely acceptance of responsibility displayed "unusual" or "extraordinary" cooperation which merited a downward departure under § 5K2.0(b). She has offered no evidence, however, as to why the two-level reduction provided for in § 3E1.1 of the sentencing guidelines did not adequately reflect the degree to which she accepted responsibility for her conduct. *See United States v. Brown*, 985 F.2d 478, 482 (9th Cir. 1993). Indeed, timeliness of the defendant's acceptance of responsibility is a factor to be considered in determining whether a two-level decrease is warranted under § 3E1.1. U.S.S.G. § 3E1.1(a) cmt. n.1(H) (2014).

Finally, Petitioner has not shown any actual prejudice that arose from the victim impact statements offered at her sentencing. Instead, she merely offers conclusory statements that the testimony was "inflammatory" and "prejudicial." Such statements, absent more, are insufficient to demonstrate that Petitioner was actually prejudiced by the victim impact statements, thus she has failed to show that the lack of objection by her attorney resulted in any harm.

5.  **Dismissal of the Petition without a Hearing**

The Court finds that the petition fails to state a claim, and has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record." *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). Thus, the Court finds that no hearing is necessary and will dismiss the petition.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473. 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's rulings on Petitioner's motion to be debatable or wrong. Accordingly,

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1 and Crim. Dkt. 37) is **DENIED** and this action is **DISMISSED**. The Clerk is directed to close this case.

2. No certificate of appealability shall issue. Petitioner is advised that she may still request a certificate of appealability from the Ninth Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, she must file a timely notice of appeal.

3. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: July 30, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge